IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WESLEY KYLE GATES #M-3927                                                          PLAINTIFF

VS.                                                           CIVIL ACTION NO. 1:11cv38-HSO-JMR

MIKE BYRD, et al.                                                                   DEFENDANTS
_____

### REPORT & RECOMMENDATIONS

This matter comes before the Court, *sua sponte*, due to the failure of Plaintiff, Wesley Kyle Gates, to advise the Court of a change of his address. The Plaintiff was advised of his duty to inform the Court of any change of address by Order [3] issued on February 3, 2011, and Order [6] issued on March 3, 2011, as well as in an Order to Show Cause issued February 14, 2012.

On February 14, 2012, this Court entered an Order to Show Cause instructing the Plaintiff to inform the Court why the present action should not be dismissed for failure to prosecute. Order [36]. The Order was mailed to Plaintiff at his last known address by certified mail, return receipt requested. *Id.* The Court notes, however, that on February 22, 2012, the envelope containing the Court's Order to Show Cause was returned as undeliverable. Returned Mail [37].

Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner* , No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words

of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

To date, Plaintiff has failed to update his address resulting in this Court's Order To Show Cause to be returned as undeliverable. The Plaintiff has not taken any action in prosecuting the instant case, with the exception of filing an address change, in over five (5) months. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and

that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on February 14, 2012. Therefore, this Court recommends that this case be dismissed without prejudice for Plaintiff's failure to prosecute.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

SO ORDERED this the   24th   day of February, 2012.

                              s/ John M. Roper, Sr.
                        CHIEF UNITED STATES MAGISTRATE JUDGE